PIERSON E. SANFORD, Appellant, v. THE VILLAGE OF WARWICK, Respondent.

VILLAGE LAW — WHEN DIRECTION TO CONSTRUCT SIDEWALK IS A CONSENT UNDER SECTION 162. A direction by village trustees to the owner of premises abutting on certain streets to construct a four-foot flag sidewalk is a consent to his so doing within the meaning of section 162 of the Village Law (L. 1897, ch. 414) providing that whenever the abutter, with the consent of the trustees, constructs a sidewalk of stone, etc., the board of trustees shall credit the abutter on his assessment with three-quarters of the actual expense of constructing the walk; or in lieu thereof may pay him one-half of such cost; and where he complies with such direction he is entitled to reimbursement as provided therein notwithstanding the fact that under the authority of section 161 the board had previously resolved that the sidewalks of the village be constructed by the abutting property owners at their own expense; since the latter section must be deemed to apply to sidewalks generally, the

former to those constructed of the material specified therein and of the better grade, the consent being required to keep their cost within the control of the board of trustees.

*Sanford* v. *Village of Warwick*, 83 App. Div. 120, reversed.

(Submitted January 12, 1905; decided February 21, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 2, 1903, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John J. Beattie* for appellant.   The statute only requires a consent to the construction of a sidewalk, not a consent to pay for it. (*Matter of N. Y. & B. Bridge*, 72 N. Y. 527; *People* v. *Hyde*, 89 N. Y. 18; *People* v. *Board of Supervisors*, 103 N. Y. 541; *David* v. *Supreme Lodge, etc.*, 165 N. Y. 167; *People ex rel. Reynolds* v. *Common Council*, 140 N. Y. 300.)   The evolution of the present act of 1897, relating to the section in question, from the original act, shows a well-defined purpose on the part of the law-making power to divide the expense of such permanent and expensive improvements between the village and the owner.   (L. 1880, ch. 292; L. 1896, ch. 458.)   The statute was of general application to all villages in the state incorporated under it, and no local custom or policy could in any way control its operation. (*Frith* v. *Baker*, 2 Johns. 327; *Woodruff* v. *Merchants' Bank*, 25 Wend. 673; *Bowen* v. *Newell*, 8 N. Y. 190; *Wheeler* v. *Newbold*, 16 N. Y. 392; *Higgins* v. *Moore*, 34 N. Y. 417; *Security Bank* v. *National Bank*, 67 N. Y. 463.)

*M. N. Kane* for respondent.   The construction sought by appellant is forbidden by the plain language of the sections, and the reason assigned as the purpose of section 162 is

utterly fallacious and without foundation. (*Hillier* v. *Village of Sharon Springs*, 28 Hun, 344.) The legislative history of section 162 shows that it had no relation to the power conferred upon village authorities to construct sidewalks, but was obviously designed to vest them with additional discretionary power to promote the building of solid and better sidewalks than walks of plank or other inferior material, whenever they deemed it for the public benefit to do so. (L. 1870, ch. 291, tit. 3, § 4; L. 1896, ch. 458; L. 1880, ch. 292.) That the legislative purpose in the enactment of section 162 was to confer additional discretionary power upon village boards, and not to limit or control the powers conferred by section 161, is conclusively shown by the amendment made to this section in 1904. (L. 1904, ch. 122, § 162.)

*Per Curiam.* The defendant, theretofore organized under a special act of the legislature, in August, 1901, reincorporated under the Village Law (Chap. 414, Laws of 1897) and thereupon became subject to all the provisions of that statute. In October of that year the trustees of the defendant resolved that the sidewalks of the village be constructed by the abutting property owners at their own expense. Thereafter said trustees directed the plaintiff to lay a four-foot flag walk on certain streets adjoining his property in said village. Under this direction the plaintiff laid said walk and brought this suit to compel the defendant to credit him with three-quarters of the cost thereof on his assessment for street taxes or to pay him one-half of said cost, the trustees of the village having declined either to allow said credit or make such payment. The courts below have held that the plaintiff was not entitled to the relief sought.

The question presented by this appeal is the construction of sections 161 and 162 of the Village Law as the law stood before the amendment of 1894. It must be confessed the proper interpretation of those sections is not very clear and that there is some conflict between their provisions. By section 161 the trustees of the village are authorized to adopt one

of three plans for defraying the expense incurred in the con-
struction of sidewalks. They may provide for their construc-
tion at the sole expense of the village or at the sole expense of
the abutter, or at the expense partly of the village and partly
of the abutters. If the plan adopted should impose either the
whole or part of the expense on the abutters, then in case such
abutter fails to construct the sidewalk as required the trustees
are authorized to do the work and assess the cost or his proper
share thereof upon the abutter. Section 162 provides that when-
ever the abutter with the consent of the trustees constructs a
sidewalk of stone, cement, brick or similar material of the width
of four feet or more, of the value of at least four dollars per
linear rod, said board shall credit the abutter on his assessment
for street taxes with three-quarters of the actual expense of
constructing the walk; or in lieu thereof may pay to him
from the street fund of the current year one-half of such cost.
It is on this section that the claim of the plaintiff rests. The
defendant contends that the direction of the trustees requir-
ing the plaintiff to lay the sidewalk was not a consent thereto
within the terms of section 162, and that the board having
previously adopted a general resolution that sidewalks should
be constructed at the expense of the abutters the provision of
that section did not apply to sidewalks directed to be laid in
pursuance of that resolution. We are not inclined to accede
to this claim. Section 162 does not deal with all sidewalks
but only with sidewalks of a particular character which would
be regarded as of a better grade than those, if not generally,
at least often found in use. By bearing in mind this distinc-
tion the two sections can be harmonized. It was doubtless
the intention of the legislature to encourage the adoption of
the better grade of sidewalks, offering as an inducement to
the abutter, in case he should construct such a walk, reim-
bursement by the village for a part of the expense. On the
other hand, to prevent the imposition upon a village of an out-
lay which, from its size or other reasons, it could not afford, it
was made a condition of the abutter's right to reimburse-
ment that the sidewalk should be laid with the consent of

the trustees of the village. We think that the provisions of the section are general and that the intention of the legislature was that, subject to the limitation of a consent of the village trustees, when the sidewalk was of the material, size and cost prescribed in the statute the abutter should in all cases be reimbursed therefor, either to the amount of one-half of such cost in money or to three-quarters thereof in credit on his street taxes. The direction of the trustees that the plaintiff lay the sidewalk was a consent to his so doing within the meaning of the section. It follows that the judgment appealed from should be reversed and a new trial granted, costs to abide the event.

CULLEN, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Judgment reversed, etc.